Dustin Lance, Bar No. 8804
Cole L. Bingham, Bar No. 14131
**LANCE BINGHAM, P.C.**
15 West South Temple, Suite 1650
Salt Lake City, Utah 84101
Office: (801) 869-6800
Facsimile: (801) 869-6801
dlance@LanceBingham.com
cbingham@LanceBingham.com

*Attorneys for Plaintiff*

---

IN THE THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| NATHANIEL FRONBERG, and JOHN AND JANE DOES 1-20, on behalf of themselves and a class of people similarly situated, Plaintiffs, | **COMPLAINT** **(Tier 2)** |
| Plaintiffs, | Case No. |
| vs. | Judge: |
| TRAVELERS INSURANCE COMPANY, an insurance company; and DOE INDIVIDUALS AND ROE CORPORATIONS I-X. | |
| Defendants. | |

Plaintiff Nathaniel Fronberg, by and through counsel, pursuant to Rule 7 of the Utah Rules of

Civil Procedure, hereby complains of Defendant and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Nathaniel Fronberg is an individual residing at all relevant times in Farmington, Utah.

2.      Travelers Insurance Company (hereinafter "Travelers") is a mutual insurance company authorized to conduct business in the State of Utah with business offices throughout the state, including in Salt Lake County, State of Utah.

3.      The true names and capacities whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive are unknown to Plaintiff. Said DOE and ROE Defendants are responsible for damages suffered by Plaintiff. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask for leave to amend this Complaint to show the true names and capacities of each DOE and ROE Defendants at such time as the same have been ascertained.

4.      This Court has jurisdiction pursuant to Utah Code Section 78A-5-102, in that this action is of a civil nature.

5.      Venue is proper pursuant to Utah Code Section 78B-3-307, in that Travelers has operations in Salt Lake County, and as Nathaniel Fronberg entered a contract for insurance with Travelers in Salt Lake County.

6.      Pursuant to Utah Rules of Civil Procedure Rule 26(c)(3), this is a Tier 2 case for purposes of discovery because the claims in the Complaint seek monetary relief of less than $75,000.00 per plaintiff.

## FACTUAL ALLEGATIONS

7.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 6 as though set forth fully herein.

8.      On September 10, 2022, Nathaniel Fronberg (hereinafter "Nate") hit a deer while driving on I-215.

9.      As a result of the damage from hitting the deer, Nate contacted his insurer, Travelers, and they advised him to take his damaged car to Caliber Collision in Woods Cross.

10.      As a direct result of the collision, Nate's vehicle sustained significant damages estimated by Traveler's estimators at no less than $9,600.00.  The high book value of the car is approximately $10K.  Insurance industry policies, practices and procedures generally call to "total out" a car if the repairs exceed 70% of the value.  Travelers has not given reasons for failing to follow standard procedures, its delays, denials and or lack of communication.

11.      For the first 30 days following the collision, Travelers' gave Nate a rental car while his car was being repaired.

12.      After the first 30 days, Nate's car was mostly repaired but there were several safety devices that need to be replaced before Nate is safe to drive his car again but the parts are on long term back order and Nate has not received his car back nor has he been given an estimated date for completion.

13.      Nate suffered both economic and non-economic damages as a result of the collision, including, but not limited to, substantial damage to his vehicle, loss of use, diminution in value, and other economic and non-economic damages in an amount to be proven at trial.

14.     Nate maintained an insurance policy with Travelers that included Comprehensive Coverage.  Nate paid all premiums, spoke with all individuals, and did everything to comply with the conditions and requirements of the policy.

15.     The Comprehensive Coverage obligated Travelers to pay Nate the expenses of repairing his vehicle or pay to replace his vehicle in the event of total loss (generally 70% repair to value).

16.     Nate complied with all conditions and requirements of the Policy.

17.     Nate paid all required premiums to maintain the Policy, and Travelers accepted those payments.

18.     Nate relied on Travelers's contractual promises to provide for his financial security and peace of mind in the event of an automobile accident.

19.     Nate presented documentation to support a claim for benefits under the Comprehensive Coverage.

20.     Travelers refused to honor its obligations under the Comprehensive Coverage.

21.     On information and belief, Travelers has other insured's, whom it is treating in a like manner to how Nate has been treated by Traveler's.

4

**FIRST CAUSE OF ACTION**
**Breach of Contract – Comprehensive Coverage**

22.     Plaintiff incorporates by reference the allegations of paragraphs 7 through 21 as though set forth fully herein.

23.     The Policy constitutes a valid and enforceable contract between Travelers and Nate.

24.     The Comprehensive Coverage obligated Travelers to pay for Nate's vehicle whether it was to be repaired or to pay to replace it.

25.     Travelers breached its Comprehensive Coverage contractual obligations by refusing to pay Nate's property damage and for the loss of use of the vehicle for the last 131 days since the accident happened.

26.     This breach has deprived Nate of the benefits of his bargain with Travelers, and has caused additional consequential damages, including but not limited to harm to credit, attorney fees associated with maintaining his claim, costs and more.

27.     In accordance with Utah Code Annotated 31-22-309, Nate is entitled to interest on unpaid benefits and attorneys' fees and costs incurred in bringing this action.

**SECOND CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

28.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 as though set forth fully herein.

29.     The Policy included an implied covenant of good faith and fair dealing.

30.     Travelers breached the implied covenant of good faith and fair dealing in the following respects:

     a.   by engaging in unfair claims practices,

5

b.   by ignoring evidence supporting Nate's claim,

c.   by refusing to disclose and explain its evaluation calculations,

d.   by misapplying Utah law to reach an outcome more favorable to Travelers,

e.   by failing to give the benefit of the doubt to Nate on any factual issue,

f.   by unnecessarily and unreasonably delaying payment under the Comprehensive Coverage while Travelers conducted its unfair investigation,

g.   by other acts and omissions not yet known.

31.      Nate is entitled to all of these contractual and extra-contractual damages from Travelers.

## THIRD CAUSE OF ACTION
### Emotional Distress

32.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 31 as though set forth fully herein.

33.      Travelers's unfair evaluation, and unsupported refusal to pay benefits owed under the Policy constituted a reckless disregard of the probability of causing severe emotional distress.

34.      As a result of Travelers's outrageous and reckless conduct, Nate sustained severe emotional distress.

## FOURTH CAUSE OF ACTION
### Punitive Damages

35.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 34 as though set forth fully herein.

36.     Upon information and belief, Travelers incentivizes its employees to deny valid claims.

37.     Upon information and belief, Travelers trains its Property Damage adjusters to low ball claimants, deprive them of the benefit of the doubt, and ignore evidence harmful to Travelers's interests.

38.     Upon information and belief, Travelers uses its Property Damage claim adjusters to reduce losses and bolster its combined ratio for Travelers to the detriment of its insureds.

39.     Upon information and belief, Travelers trains its Property Damage adjusters to treat claimants as third-parties.

40.     Upon information and belief, Travelers trains its Property Damage adjusters to take positions contrary to or unsupported by Utah law.

41.     Travelers knows that its insureds entrust their peace of mind and financial well-being to it when they purchase insurance policies.

42.     Travelers's conduct is outrageous and manifested as reckless indifference to Nate's rights and well-being.

43.     Punitive damages should be assessed against Travelers to deter and punish its reckless and outrageous treatment of Nate and similarly situated claimants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.     For expectation damages arising from the Comprehensive Coverage, including for Property Damage and for Loss of Use;

2.     For the value of the emotional distress caused to Nate by Travelers;

3.       For prejudgment interest in amounts to be proven at trial;

4.       For attorney fees generally;

5.       For attorney fees in accordance with Utah Code Annotated 31A-32-39;

8.       For costs related to the prosecution of this action;

9.       For punitive damages in an amount to be determined at trial;

10.     For such other and further relief as the Court deems just and equitable.

DATED this 23 day of January, 2023.

**LANCE BINGHAM, P.C.**


*/s/ Dustin Lance*_____
Dustin Lance
Cole L. Bingham
Attorneys for Plaintiff

8

Dustin Lance, Bar No. 8804
dlance@lancebingham.com
Cole L. Bingham, Bar No. 14131
cbingham@lancebingham.com
**LANCE BINGHAM, P.C.**
15 West South Temple, Suite 1650
Salt Lake City, Utah 84111
Office: (801) 869-6800
Facsimile: (801) 869-6801

*Attorneys for Plaintiff*

TIME 1056   DATE 1-31-2023
SERVED Wendy Phinney
RELATIONSHIP
ADDRESS 15 W S Temple   SERVER 964-9393
TD's LEGAL PROCESS LLC

IN THE THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| NATHANIEL FRONBERG,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS INSURANCE COMPANY, an insurance company; and DOE INDIVIDUALS AND ROE CORPORATIONS I-X,<br><br>Defendants. | **SUMMONS**<br><br>Civil No. 230900519<br><br>Hon. Mark Kouris |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

**The Travelers Indemnity Company**
**Corporation Service Company**
**15 W. South Temple, Ste. 1701**
**Salt Lake City, UT 84101**
**Phone: 888-690-2882**

You are summoned and required to file an Answer in writing to the attached

Complaint with the Clerk of the above-referenced Court located at the Third Judicial

District Courthouse, Salt Lake County, 450 South State Street, Salt Lake City, Utah 84111, and to serve upon, or mail to Dustin Lance and Cole Bingham of Lance Bingham, P.C., Attorneys for Plaintiff, 15 West South Temple, Suite 1650, Salt Lake City, Utah 84101, a copy of the Answer, within twenty-one (21) days after service of this Summons upon you. If you fail to respond, judgment by default will be taken against you for the relief demanded in the Complaint, the original of which has been filed with the Clerk of the Court, a copy of which is attached and served upon you.

Finally, you have been named as a Defendant in an automobile collision. If you were insured at the time of this collision identified in the Complaint, then contact your insurance adjuster or company. You will have a lawyer appointed to defend your interest.

**DATED** this 30th day of January, 2023.

LANCE BINGHAM, P.C.

/s/ *Dustin Lance*
Dustin Lance
Cole L. Bingham
*Attorneys for Plaintiff*

2

2/1/2023

*TD's Legal Process*

*&*

*Investigations*

*P.O. Box 18118*

*Salt Lake City, Utah 84118*

*Office: 964-9393 Fax: 964-9353*

*Cell: 347-1038*

*Return of Service*

| ROS#  170443 | LANCE BINGHAM, P.C. | |
|---|---|---|
| Rcvd:  01/31/2023 | 15 w South Temple ste 1650 | 801-869-6800 |
| Attn:  Karla | S.L.C., Ut 84101 | |
| Case:  230900519 | Civil# | Doc# |

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| Nathaniel Fronberg | | Travelers Insurance Company, an insurance company; and Doe Individuals and Roe Corporations I-X |

**Process:** **Summons & Complaint; Tier 2**

**To:** **The Travelers Indemnity Company**

The undersigned Person Hereby Certifies:

I am, at the time of service, a duly qualified Process server / Private investigator over 21 years of age and am not a party to the above action being taken. I have endorsed each copy served with the date, time and my signature.

**Title:** **Process Server and/or Private Investigator**

I Served:   Corporation Service Comp. : Reg. Agent % Wendy Phippen

Date:   01/31/2023              Time:     1056

Address:     15 w South Temple ste. 600  S.L.C., Ut 84101

Phone:                         Work:

Todd Oram, Private Investigator - G101060

**Type of Service:**     **DESIGNATED TO ACCEPT SERVICE. / Authorized to accept**

Subscribed and Sworn Before Me This  1st    Day of February    2023

Notary public residing in Salt Lake County. My commision expires 02/05/2023

HILARIE PETTY
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 02/05/2023
Commission # 704447

| Service fee: | $ 15.00 | Milage Fee: | $ 1.50 | Other Fee: | $ 0.00 | Rush Fee: | $ 0.00 |
|---|---|---|---|---|---|---|---|
| Addresses: | 1 | Attempts: | 1 | Attempts Charged: | 1 | Total Mileage: | 1 |

**Total Due:   $ 18.50**

Comments:

8