IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NATHANIEL FRONBERG, and JOHN AND JANE DOES 1–20, on behalf of themselves and a class of people similarly situated,** | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| **Plaintiffs,** | Case No. 2:23-cv-00156 |
| v. | District Judge: Jill N. Parrish |
| **THE STANDARD FIRE INSURANCE COMPANY (aka "TRAVELERS"), an insurance company; and DOE INDIVIDUALS AND ROE CORPORATIONS I–X.** | Magistrate Judge: Daphne A. Oberg |
| **Defendants.** | |

Before the court is a motion to remand filed by Plaintiff Nathaniel Fronberg ("Fronberg"). The court originally scheduled oral argument on this motion for August 2, 2023. ECF No. 17. However, having reviewed the briefing, the court concludes that oral argument is no longer necessary. Accordingly, the court vacates the hearing set for August 2, 2023, and GRANTS this motion.

### BACKGROUND

On January 23, 2023, Fronberg filed a complaint against Defendant The Standard Fire Insurance Company (aka "Travelers") in the Third Judicial District Court of Salt Lake County Utah. ECF No. 1-1. Fronberg asserted that Travelers had improperly delayed and denied his automobile insurance claim. *Id.* at 4. Fronberg sought to join a class of Utah citizens who had their

individual automobile insurance claims improperly delayed or denied by Travelers as plaintiffs in this case pursuant to Rule 23(b)(3) of the Utah Rules of Civil Procedure. *Id.*

On March 2, 2023, Travelers removed the case to this Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. Fronberg now asks the court to remand the case to state court because he alleges that the amount in controversy threshold has not been satisfied. ECF No. 6.

## LEGAL STANDARD

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removal statutes are to be strictly construed [] and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of demonstrating federal subject matter jurisdiction exists. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

## ANALYSIS

As a preliminary matter, the court notes that Travelers has taken inconsistent positions concerning the class action treatment of this case. On the one hand, Travelers argues that this case should not be treated as a class action because it has not been certified yet. ECF No. 11 at 4. At the same time, in its notice of removal, Travelers attempts to aggregate the unnamed class members to meet the amount in controversy threshold. ECF No. 1 at ¶ 8 ("Even if we assume the Tier 2 minimum of $50,000 'per plaintiff,' the amount in controversy for all 21 named defendants greatly exceeds the $75,000 jurisdictional threshold.").

2

The court is persuaded that Travelers has improperly aggregated the claims of the unnamed class members. "The general rule is that 'separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdiction amount requirement.'" *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1105 (10th Cir. 2005) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). "Aggregation is only permitted . . . 'in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Id.* (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). Even though the class members share the common question of Traveler's liability, each class member holds an independent insurance contract with Travelers. Thus, the court is persuaded that aggregation of the claims is inappropriate.[1]

The court is persuaded that the amount in controversy threshold has not been met. Because Fronberg is the only plaintiff named in this case, the amount in controversy must be determined using his complaint. "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). The complaint states that "the claims in the Complaint seek monetary relief of less than $75,000.00 per plaintiff." ECF No. 1-1 at 2. In light of this clear language, the amount in controversy threshold has not been met.

---

[1] However, this does not mean, as Fronberg claims, that each class member must satisfy the amount in controversy requirement for diversity jurisdiction to exist. So long as one class member satisfies the amount in controversy threshold, the court may exercise supplemental jurisdiction over the claims of the remaining class members. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

Fronberg also asks the court to grant attorneys' fees incurred as a result of the removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "A court should award attorney's fees under Section 1447(c) when the removing party lacks an objectively reasonable basis for seeking removal." *Di Janni v. Biotronik, Inc.*, No. 14-CV-0576 MCA/SCY, 2015 WL 13665407, at *2 (D.N.M. Mar. 31, 2015) (citing *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010)).

Travelers asserts that because Fronberg filed a Tier 2 case with minimum damages of $50,000, and in addition sought punitive damages and attorneys' fees, it had an objectively reasonable basis for seeking removal. "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). In light of the clear statement contained in plaintiff's complaint that the relief would be less than $75,000, the court is not persuaded that Travelers had an objectively reasonable basis to remove the case. Accordingly, the court GRANTS Fronberg's request for attorneys' fees.

## CONCLUSION & ORDER

In conclusion, the court **GRANTS** Plaintiff's motion for remand. ECF No. 6. This case shall be remanded to state court. Pursuant to 28 U.S.C. § 1447(c), Travelers shall reimburse Plaintiff for its reasonable attorneys' fees incurred as a result of the removal.

DATED July 26, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge